UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PETER SIMONS, ET AL.                                    CIVIL ACTION

VERSUS                                                  NO. 22-1747

HOWMEDICA OSTEONICS CORP.,                              SECTION "J"(5)
ET AL.

## ORDER & REASONS

Before the Court is a *Motion for Reconsideration of the Court's Order Granting Defendant's 12(b)(6) Motion to Dismiss* **(Rec. Doc. 11)** filed by Plaintiffs, Peter Simons and Donna Pete. The motion is opposed (Rec. Doc. 13) by Howmedica Osteonics Corporation, Stryker Corporation, and Stryker Sales Corporation (collectively "Defendants"). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the Plaintiffs' motion (Rec. Doc. 11) should be **DENIED.**

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of alleged injuries stemming from implantation of medical knee implant hardware. In 2008, Plaintiff Peter Simons was implanted with knee implant hardware, and after implantation, Mr. Simons experienced ongoing pain. In 2021, Mr. Simons sought additional medical treatment and was diagnosed with left knee pain that radiated down his leg, and he received a differential diagnosis that the plain stemmed from a hardware malfunction. Mr. Simons later had a revision surgery to remove and replace the implant hardware.

1

On May 6, 2022, Plaintiffs filed suit in the Civil District Court for the Parish of Orleans. The state court petition asserted personal injury claims under the Louisiana Products Liability Act ("LPLA") and claims for loss of consortium. Specifically, Plaintiffs allege that Defendants' knee implant hardware (1) was in a defective condition at the time it was designed, manufactured and sold; (2) was unreasonably dangerous in design; (3) lacked adequate warnings; and (4) failed to comply with its express warranty of functionality.

On June 13, 2022, Defendants removed the case to this Court and then filed a motion to dismiss for failure to state a claim on July 11, 2022. On July 27, 2022, Plaintiffs moved to continue the submission date for their opposition, but they never filed an opposition. On August 23, 2022, this Court granted Defendant's unopposed motion to dismiss. Plaintiffs filed the instant motion to reconsider the dismissal on September 22, 2022, and Defendants opposed the motion on October 11, 2022.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).

The difference in treatment is based on timing. If the motion is filed within twenty-eight days of the judgment, then it falls under Rule 59(e). FED. R. CIV. P. 59(e); *Lavespere*, 910 F.2d at 173. However, if the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b). FED. R. CIV. P. 60(c); *Lavespere*, 910 F.2d at 173.

## DISCUSSION

In the present case, Plaintiffs' *Motion for Reconsideration* (Rec. Doc. 11) was filed more than twenty-eight days after the issuance of the Court's order dismissing the case (Rec. Doc. 10). Accordingly, Plaintiffs' motion is treated as a motion for relief from judgment under Rule 60(b).

To prevail on a motion under Rule 60(b), the movant must clearly establish one of six factors: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharge; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). However, motions to reconsider or amend a final or partial judgment are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79; *Southern Snow Manufacturing Co, Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013). Also,

denial of a Rule 60(b) motion to set aside a dismissal based on mistake, inadvertence, surprise, or excusable neglect is not an abuse of discretion when the proffered justification for relief is the "inadvertent mistake" of counsel. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356–57 (5th Cir. 1993)

In the present motion, Plaintiffs contend that their petition in state court had a clerical error. (Rec. Doc. 11-1, at 2). The petition listed Mr. Simons's diagnosis date as March 7, 2021 rather than the correct date of May 7, 2021, which would have made the filing of the lawsuit on May 6, 2022 timely. *Id.* However, the motion for reconsideration does not explain why the date was not corrected during the almost six months that elapsed before filing the motion for reconsideration.

Plaintiffs' motion for reconsideration does not sufficiently establish any of these factors to justify relief under Rule 60(b). The date of the diagnosis is not new evidence. Nor is Plaintiffs' error excusable neglect; Plaintiffs had ample time to correct the error or express some opposition to the disposition of their claims. However, Plaintiffs failed to amend their petition to correct the date, respond to Defendant's motion to dismiss before the original deadline, and again failed to respond to the motion before the extended deadline, which they requested. Instead, Plaintiffs move for reconsideration by simply incorporating what looks to be their draft memorandum that they never filed in opposition to Defendant's motion to dismiss. The motion does not establish good cause for the mistake of counsel or the untimely filing of the opposition. Because mistake of counsel is not a justification rising to the level of mistake or excusable neglect justifying granting a motion under

4

Rule 60(b), the facts in this case do not warrant the extraordinary relief associated with granting a motion for reconsideration.

Additionally, pursuant to this Court's Order (Rec. Doc. 10), Defendant seeks costs and attorney's fees for opposing the Motion for Reconsideration. Because this motion for reconsideration would not have been necessary had a timely opposition memorandum been filed, Defendant is entitled to the costs incurred in connection with the motion, including attorney's fees. Therefore, Defendants are directed to submit to the court and adverse party the requisite bill of costs and motions under Local Rule 54.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion for Reconsideration* **(Rec. Doc. 11)** is **DENIED**.

New Orleans, Louisiana, this 17th day of October, 2022.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE